**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS HUMBERTO COLOCHO, | No. 13-72372 |
| Petitioner, | |
| v. | Agency No. A094-228-625 |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 21, 2015**

Before:    CANBY, BEA, and MURGUIA, Circuit Judges.

Carlos Humberto Colocho, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's order of removal.  Our jurisdiction is governed by 8 U.S.C.

§ 1252.  We review for substantial evidence the agency's factual findings and

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo constitutional claims. *Zetino v. Holder*, 622 F.3d 1007, 1011-12 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's denial of Colocho's application for asylum, where the record does not compel the conclusion that Colocho established past persecution, *see Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009) (mistreatment, including two beatings, did not compel finding of past persecution), or an objectively reasonable fear of future persecution, *see Halim v. Holder*, 590 F.3d 971, 976 (9th Cir. 2009) (fear of future persecution "must be both subjectively genuine and objectively reasonable" (citation and quotation marks omitted)).

Because Colocho failed to meet the lower standard of proof for asylum, it follows that he has not met the higher standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the agency's denial of relief under the Convention Against Torture, where Colocho failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government of El Salvador if returned to El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

13-72372

The record does not support Colocho's contention that the BIA failed to provide a reasoned explanation for its decision. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("[The BIA] does not have to write an exegesis on every contention." (citation and quotation marks omitted)).

We lack jurisdiction to review the agency's discretionary denial of Colocho's application for special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA"), and Colocho fails to present colorable constitutional claims or questions of law that would invoke our jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(B), (D); NACARA, Pub. L. No. 105-100 § 203(b), 111 Stat. 2160 (1997). We do not reach Colocho's contentions regarding statutory eligibility for NACARA relief because the agency did not deny relief on that ground.

Finally, we lack jurisdiction to review Colocho's contention that the agency erred in its discretionary denial of his application for voluntary departure, where he presents no question of law that would invoke our jurisdiction. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1176-77 (9th Cir. 2013) (this court retains jurisdiction to review questions of law or constitutional challenges to denials of voluntary departure, but lacks jurisdiction to review discretionary denials of such relief).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**